IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENEE NASH,                         )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   No. 09 C 294
                                    )
FAIR COLLECTIONS & OUTSOURCING,     )
INC.,                               )
                                    )
            Defendant.              )

## MEMORANDUM OPINION AND ORDER

Fair Collections & Outsourcing, Inc. ("Fair Collections") has filed its Answer to the Amended Complaint brought against it by Renee Nash ("Nash"). Because that responsive pleading is chock-full of violations of some fundamental principles of federal pleading, it is stricken sua sponte--but with leave granted for counsel to correct those errors, albeit at no cost to Fair Collections.

First, although many paragraphs of the Answer demonstrate defense counsel's knowledge of the provisions of Fed. R. Civ. P. ("Rule") 8(b)(5) that enable a client to get the benefit of a deemed denial of a complaint's allegations, a host of other paragraphs in the Answer inexplicably depart from that straightforward formulation (Answer ¶¶9, 14, 15, 18-22, 38, 39 and 61[1]). All of those paragraphs of the Answer are accordingly

---

[1] As elsewhere in this opinion, this listing may not be exhaustive. It reflects a quick run-through of the pleading, rather than the kind of exhaustive scrutiny that might be engaged in if this Court (like defense counsel) were charging for its

stricken.

Next, not only those paragraphs but a whole group of other paragraphs that do track Rule 8(b)(5) faithfully (Answer ¶¶3, 4, 10, 12, 13, 29, 30, 34 and 61) conclude with a clause stating that Fair Collections "denies the same [Nash's allegations] for the present time." That locution is not only unnecessary, given the deemed denial that follows Rule 8(b)(5) compliance as a matter of law, but is wholly oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Finally, a whole set of responses (Answer ¶¶24, 31, 42, 43, 57-60, 63-65, 67 and 68) state incorrectly that the corresponding allegations in the Amended Complaint need not be responded to because they are "legal conclusions." Not so--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Nor has Ashcroft v. Iqbal, 77 U.S.L.W. 4387 (U.S. 2009) altered the landscape as to those allegations by Nash. Those paragraphs of the Answer are stricken as well.

Because so many of the Answer's paragraphs are thus defective, the most sensible treatment is to strike the entire

---

time.

Answer with leave to replead, and this Court so orders. Fair Collections' Amended Answer must be filed on or before June 25, 2009. And as stated at the outset, there is no reason that the client should pay for lawyer mistakes of the types addressed here. Hence:

    1. No charge is to be made to Fair Collections for the work and expenses involved in the do-over of the Answer.

    2. Counsel are ordered to provide Fair Collections with a copy of this opinion and a letter confirming counsel's no-charge undertaking (see the analysis set out in two slip opinions issued by Chief Judge Easterbrook in chambers in United States v. Foster, No. 09-1248 (7th Cir. May 1, 2009) and Milam v. Dominick's Finer Foods, Inc., No. 09-1686 (7th Cir. May 27, 2009)).

Counsel are further directed to transmit to this Court's chambers a copy of that letter to Fair Collections (solely as an informational matter, not for filing), and they would also do well to read the entire Appendix in State Farm (as this Court's website expressly advises all defense counsel to do before filing responsive pleadings in cases on its calendar).

                      _____
                        Milton I. Shadur
                        Senior United States District Judge

Date: June 11, 2009